■ In the Matter of DIMITRI SCUTAKES et al., Respondents, v. STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to review appellant's determination, dated February 12, 1973, which (1) denied petitioners' protest against an order of the Local Rent Administrator of the Hempstead Local Rent Office and (2) affirmed said order, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 28, 1973, which annulled the determination and directed the issuance of a certificate for eviction of respondents Hennessey. Judgment reversed, on the law, without costs, and matter remitted to appellant for further proceedings in accordance herewith. In our view, there was no rational basis for appellant's finding that petitioner Scutakes did not in good faith seek to recover possession of the subject apartment for his own use and occupancy (see *Matter of McCabe v. Gabel*, 22 A D 2d 939; *Matter of Reres v. Gabel*, 19 A D 2d 724). However, appellant's brief asserts that the actions of petitioners taken after the February 12, 1973 determination (converting decontrolled apartments to office use on the second floor of a two-story building) are indicative of bad faith and tend to establish that the subject apartment is not sought for

Scutakes' personal use and occupancy. As this evidence could not reasonably have been offered or included before appellant, we remit the matter to allow the consideration of evidence of said actions by petitioners and any other evidence that appellant deems necessary or proper. Any modification made in the determination as a result thereof shall be filed with the Special Term (Emergency Housing Rent Control Law, § 9, subd. 1; L. 1946, ch. 274, § 8, subd. 1 as amd.). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ. concur.